IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRANJAL SHUKLA,<br><br>Plaintiff,<br><br>v.<br><br>DATA POINT SYSTEMS, INC,<br>PANDA COMPUTER SERVICES, INC.,<br>ANANTH DAKSHINA, and PRASAD SESHADRI,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Pranjal Shukla, by and through his undersigned counsel, and hereby brings this action against Defendants Data Point Systems, Inc., Panda Computer Services, Inc., Ananth Dakshina, and Prasad Seshadri.

## NATURE OF THE ACTION

1. Plaintiff Pranjal Shukla ("Shukla") brings this action under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 et seq. and state law, against Defendants Data Point Systems, Inc. ("Data Point") and Panda Computer Services Inc. ("Panda Computer") (collectively "Defendant Corporations"), and against their individual corporate officers and owners, Ananth Dakshina ("Dakshina") and Prasad Seshadri ("Seshadri") (collectively "Corporate

1

Officers"), alleging that Defendants (1) willfully failed to pay Plaintiff minimum wage for all hours worked and (2) willfully failed to compensate Plaintiff at time and one-half for all hours and parts of hours worked in excess of forty (40) hours per week.

2. As a result of Defendants' failure to comply with FLSA's mandatory precepts and their contractual obligations, Defendants are liable, jointly and severally, to Plaintiff Shukla for all unpaid minimum and overtime wages, an equal amount of liquidated damages, and reasonable costs and attorneys' fees.

3. Defendant Corporations is liable for breaching its contract with Plaintiff in an amount equal to unpaid fees and expectation damages.

## PARTIES

4. Plaintiff Pranjal Shukla is a resident of Georgia who resides in Dekalb County, Georgia.

5. Defendant Data Point is a Georgia corporation with its principle place of business located at 50 Executive Park South, Suite 5010, Atlanta, Georgia 30329.

6. Defendant Panda Computer is a California corporation with its principle place of business located at 5713 Capilano Drive, San Jose, California 95138.

7. Defendant Dakshina, a Georgia resident, is the Chief Executive Officer, Chief Operating Officer, shareholder, and co-owner of Defendant Data Point.

8. Defendant Seshadri, a California resident, is the Chief Executive Officer, Chief Operating Officer, shareholder, and co-owner of Defendant Panda Computer.

9. Defendant Data Point may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Chandler B. Sharma, at 1126 Ponce de Leon Avenue, N.E., Atlanta, Georgia 30306-4517.

10. Defendant Panda Computer may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Prasad Seshadri, at 5713 Capilano Drive, San Jose, California 95138.

11. Defendant Dakshina may be served with process personally at his home address, at his office address, or wherever he may be found. Alternatively, Defendant Dakshina may be served with process by leaving a copy of the Summons and Complaint with someone of suitable age and discretion residing at his home address.

12. Defendant Seshadri may be served with process personally at his home address, at his office address, or wherever he may be found. Alternatively, Defendant Seshadri may be served with process by leaving a copy of the Summons

and Complaint with someone of suitable age and discretion residing at his home address.

## JURISDICTION AND VENUE

13. This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.

14. Defendants are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because it has sufficient minimum contacts with the forum state, including, but not limited to: its possession of assets in Georgia, its maintenance of business and employment relationships in Georgia, and its formation of contracts in Georgia with Georgia residents.

15. Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) the events giving rise to this action occurred within this District and Division and (2) Defendants transact business in this District and Division.

16. Defendants employed Plaintiff, who was engaged in interstate commerce, in the production of goods for commerce, and/or handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce.

17. Defendant Corporations constitute a "single enterprise," engaged in interstate commerce, with a collective annual gross volume of sales made or business done in excess of $500,000.

18. Plaintiff Shukla is a former, salaried employee of Defendants.

**FACTUAL ALLEGATIONS IN SUPPORT OF CLAIM THAT DEFENDANT CORPORATIONS CONSTITUTE A SINGLE ENTERPRISE AND JOINT EMPLOYER**

19. Defendant Corporations are entities jointly owned and operated as a single enterprise by Defendants Dakshina and Seshadri.

20. Defendant Corporations are a unified operation under the common control of Defendant Corporate Officers for a common business purpose.

21. For the relevant years in question, Defendant Corporations have been engaged in interstate commerce, with a collective annual gross volume in excess of $500,000.

**I. Related Activities.**

22. Defendant Corporations are engaged in designing, building, and maintaining software that allows businesses to improve efficiency and manage business-critical applications and databases.

23. Defendant Corporations also provide consulting services to establishments seeking assistance in the area of information technology.

24. Defendant Corporations provide their services to the same or similar clientele and perform other similar computer software related functions.

25. Upon information and belief, Defendant Corporations share centralized office functions such as book keeping, auditing, billing, and regularly share employees.

## II. **Unified Operation and Common Control.**

26. Upon information and belief, Defendant Corporations combine, unite, and organize their performance to accomplish a common business purpose.

27. Upon information and belief, employees are interchanged between Data Point and Panda Computers and are assigned substantially the same duties at each establishment.

28. At all times relevant, and upon information and belief, Defendants Dakshina and Seshadri shared, and continue to share, operational control of Data Point and Panda Computer.

29. Upon information and belief, Defendants Dakshina and Seshadri comingle various assets with those of Data Point and Panda Services.

30. At all times relevant, Defendant Corporate Officers exercised day-to-day control over the affairs of Defendants Data Point and Panda Computer.

31. For example, Defendant Corporate Officers approved promotions and raises and, directly and indirectly, set Defendant Corporations' payroll and compensation practices.

32. By way of further example, Defendant Seshadri negotiated Plaintiff Shukla's compensation at Data Point, though Defendant Seshadri is the Chief Executive Officer of Panda Computer.

33. Defendant Corporate Officers held management authority and established Plaintiff's terms and conditions of employment.

34. Defendant Corporate Officers directly and indirectly supervised and controlled Plaintiff Shukla's work schedule.

35. Upon information and belief, Defendants Dakshina and Seshadri share supervisorial duties of Data Point and Panda Computer employees.

### III. **Common Business Purpose.**

36. Upon information and belief, Data Point and Panda Computers have the same business purpose, that is: to provide businesses with advanced computer software, general business consultating, and information technology resources.

37. Upon information and belief, both Data Point and Panda Computer employees specialize in Java, Software Test Automation, Network Management, Embedded systems, and Operating systems.

38. Upon information and belief, Data Point receives revenue from Panda Computer, and Panda Computer receives revenue from Data Point.

39. Because both entities conduct related activities, performed under unified operations or common control, and for common business purpose, Defendant Corporations constitute a single enterprise.

### FACTUAL ALLEGATIONS SHOWING THAT DEFENDANT CORPORATE OFFICERS ANANTH DAKSHINA AND PRASAD SESHADRI ARE EMPLOYERS UNDER THE FLSA

40. At all times relevant, Defendants Dakshina and Seshadri qualified as an "employers" under 29 U.S.C. § 203(d).

41. At all times relevant, Defendants Dakshina and Seshadri held, and continue to hold, a significant ownership interest in Defendant Corporations, which has been, and continues to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

42. At all times relevant, Defendants Dakshina and Seshadri acted directly and indirectly in the interest of Defendant Corporations in relation to Plaintiff Shukla.

43. At all times relevant, Defendants Dakshina and Seshadri exercised day-to-day control over the affairs of Defendant Corporations, including: approving promotions and raises; hiring and discharging employees; and establishing other terms and conditions of employment.

44. For example, Defendants Dakshina and Seshadri are responsible for interviewing and screening applicants, namely H-1B visa holders, who are interested in working with Defendant Corporations.

45. Upon information and belief, Defendants Dakshina and Seshadri interviewed and hired Plaintiff Shukla.

46. At all times relevant, Defendants Dakshina and Seshadri had, and continues to have, a significant involvement in the supervision and payment of Plaintiff Shukla.

47. Defendants Dakshina and Seshadri directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant Corporations.

48. Defendants Dakshina and Seshadri determined the rate and method of payment for Plaintiff Shukla.

49. Upon information and belief, Defendants Dakshina and Seshadri divided and assigned work assignments, and oversaw scheduling and compensation.

50. Upon information and belief, Defendants Dakshina and Seshadri had the ultimate power to make binding policy decisions for Defendant Corporations.

## FACTUAL ALLEGATIONS COMMON TO EACH COUNT

51. Plaintiff Shukla is a citizen of India who was employed by Defendants as a software engineer from April 2008 through January 2012.

52. Defendants sought to employ Plaintiff Shukla through the H-1B program, which allows United States employers to petition the Department of Labor for permission to employ foreign workers with specific skills.

53. Defendants recruited Plaintiff Shukla while he resided in India.

54. Defendants petitioned and were granted a work visa for Plaintiff Shukla.

55. Defendants solicited and negotiated an employment contract with Plaintiff Shukla while Defendants were present in Atlanta, Georgia. The employment contract, upon information and belief, was drafted in Atlanta, Georgia, and then delivered from Atlanta, Georgia via electronic-mail to Plaintiff Shukla.

56. The parties' employment relationship was memorialized by written agreement dated February 20, 2007.

57. The agreement, written on Data Point letter-head, is signed by Defendant Dakshina and provides in relevant part that Plaintiff Shukla: (1) would receive a yearly salary of $72,000, to be paid on biweekly basis; (2) would attend a week orientation upon his arrival to Data Point and (3) was required to submit a signed copy of the contract to Defendant Dakshina.

58. The agreement further provided that Data Point would arrange and compensate Plaintiff Shukla for his airfare from India to the United States.

59. On March 28, 2008, Defendants presented Plaintiff Shukla with an unsigned, second employment contract, which provided in relevant part that Plaintiff Shukla: (1) would receive a yearly salary of $70,000, to be paid on biweekly basis; (2) would not receive overtime at time and one-half but at his straight hourly rate, and that (3) the parties contractual obligations begin April 1, 2008.

60. The March 28, 2008 contract was signed by neither party and its terms were not assented to by Plaintiff Shukla.

61. Plaintiff Shukla performed his contractual obligations under the contract.

62. Defendants, however, neither satisfied their contractual obligations nor fully compensated Plaintiff Shukla on a salary basis for all work performed.

63. By way of example, Defendants entirely failed to compensate Plaintiff Shukla for work performed during approximately one-month in 2008, approximately three-months in 2009, approximately one-month in 2010, and approximately six-months in 2011.

64. In response to Defendants' non-payment of wages, Plaintiffs complained and requested that Defendants compensate Plaintiff for all work performed.

65. Defendants were nonresponsive to Plaintiff's repeated complaints, either ignoring them or promising to make payments and then never doing so.

66. Defendants were aware of their duty to compensate Plaintiff for all worked performed.

67. Throughout Plaintiff Shukla's employment, Defendants either failed to compensate or systematically undercompensated Plaintiff.

68. Defendants' obligation under the FLSA exists independent of the H-1B regulations, and Defendants are bound by the FLSA's minimum wage and overtime provisions.

## COUNT ONE: DEFENDANTS' WILLFUL VIOLATION OF FLSA'S MINIMUM WAGE PROVISION

69. At all times relevant, Defendants failed to compensate Plaintiff at the minimum wage rate for all hours performed while he was employed by Defendants, as required by the FLSA.

70. Defendants' failure to compensate Plaintiff for all time worked at a rate equal to the federal minimum wage for all hours performed is a violation of Section 206 of the FLSA.

71. Defendants' violation of Section 206 of the FLSA was willful.

72. Defendants led Plaintiff to believe that Defendants' policies conformed with the FLSA and the laws of the State of Georgia.

73. Defendants knew or should have known that the FLSA applied to Plaintiff.

74. Because Defendants' violation of the FLSA was willful, Plaintiff Shukla is entitled to the application of a three (3) year statute of limitations.

75. Defendants are jointly and severely liable to Plaintiff Shukla for his damages under the FLSA.

76. Plaintiff seeks damages in an amount of Plaintiff's unpaid wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper.

77. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA.

## COUNT TWO: WILLFUL FAILURE TO PAY OVERTIME WAGES

78. Plaintiff regularly worked in excess of forty (40) hours per week while employed with Defendants.

79. At all times relevant, Defendants failed to compensate him at the overtime wage required by the FLSA.

80. Defendants, pursuant to their policies and practices, willfully refused and willfully failed to pay Plaintiff at the overtime rate required by the FLSA.

81. Defendants knew or should have known that the FLSA applied to Plaintiffs.

82. Defendants failed to maintain and keep accurate time records of the hours worked by Plaintiff.

83. Defendants failed to compensate Plaintiff for all time worked.

84. Defendants led Plaintiff to believe that Defendants' policies conformed with the FLSA and the laws of the State of Georgia.

85. Because Defendants' violation of the FLSA was willful, Plaintiff Shukla is entitled to the application of a three (3) year statute of limitations.

86. Defendants are jointly and severely liable to Plaintiff for his damages under the FLSA.

87. Plaintiff seek damages in the amount of Plaintiff's unpaid overtime wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper.

88. Plaintiff seek recovery of attorneys' fees and costs to be paid by Defendants, jointly and severally, and as provided by the FLSA.

### COUNT FOUR: DEFENDANTS BREACH OF CONTRACT

89. Plaintiff had a written agreement with Defendants to perform services as an at-will employee in exchange for payment of fees.

90. Under the agreement's terms, Plaintiff was to receive a yearly salary of $72,000, to be paid on biweekly basis, and as set forth in Paragraphs 55-58.

91. Plaintiff performed services for Defendants in accord with agreement's terms.

92. Defendants, however, reneged on their promise to pay Plaintiff, thereby breaching the parties' contractual agreement.

93. As a result of Defendants' breach of the contractual agreement, Plaintiff has suffered damages in an amount equal to his unpaid fees.

### COUNT FIVE: DEFENDANTS' BREACH OF DUTY OF GOOD FAITH

94. Defendants' decision not to pay Plaintiff all wages owed and earned was for arbitrary and capricious reasons, was based on an improper pecuniary motive, and/or was predicated on dishonesty or illegality.

95. Defendants' breach, accordingly, was in bad faith and was a breach of Defendants' implied duty of good faith and fair dealing.

96. Plaintiff Shukla is therefore entitled to recover an amount equal to his unpaid wages, plus interest, punitive damages, and her attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shukla respectfully prays that:

a. As to all Counts, the Court enter judgment in favor of Plaintiff;

b. As to Counts One and Two, the Court enter judgment against Defendants that their violations of the FLSA were willful;

c. As to Counts One and Two, the Court award Plaintiff all unpaid back wages as provided for under the FLSA;

d. As to Counts One and Two, the Court award Plaintiff liquidated damages in an amount equal to the amount of her unpaid wages, as provided for under the FLSA;

e. As to Count Three, the Court award Plaintiff any and all available legal and equitable relief, including employment, reinstatement, promotion, unpaid wages, and an additional equal amount as liquidated damages, as specifically provided for under Section 216(b) of the FLSA;

f. As to Count Three, the Court award Plaintiff punitive damages as may be permitted under Section 216(b) of the FLSA;

g. As to Counts One through Three, the Court award Plaintiff reasonable costs and attorneys' fees as provided for under the FLSA;

h. As to Count Four, the Court award Plaintiff expectation damages as provided for under Georgia law;

i. As to Count Five, the Court award expenses of litigation as provided for by O.C.G.A. § 13-6-11;

j. As to all Counts, the Court determine all triable issues at trial; and

k. As to all Counts, the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Pranjal Sukla hereby demands a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:   June 01, 2012

| | |
|---|---|
| **MAYS & KERR LLC**<br>229 Peachtree Street NW<br>International Tower \| Suite 980<br>Atlanta, GA 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (877) 813-1845<br>Attorneys for Plaintiffs | /s/ Viraj Parmar<br>Viraj Parmar<br>Ga. Bar No. 996884<br>viraj@maysandkerr.com<br><br>Jeff Kerr<br>Ga. Bar No. 634260<br>jeff@maysandkerr.com |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

**THIS** 01st day of June, 2012

| | |
|---|---|
| **MAYS & KERR LLC** | /s/ Viraj Parmar |
| 229 Peachtree Street NW | Viraj Parmar |
| International Tower \| Suite 980 | Ga. Bar No. 996884 |
| Atlanta, GA 30303 | viraj@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:   (877) 813-1845 | Jeff Kerr |
| Attorneys for Plaintiffs | Ga. Bar No. 634260 |
| | jeff@maysandkerr.com |